**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-55034 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-05014-PJW |
| v. | |
| ROBERT FERRO, | MEMORANDUM[*] |
| Claimant - Appellant, | |
| MARIA FERRO, | |
| Claimant, | |
| and | |
| 1,679 FIREARMS; 87,983 ROUNDS OF AMMUNITION; 3 AIRBURST PROJECTILES; ASSORTED FUSES, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 17, 2012[]
Pasadena, California

Before: PREGERSON, HAWKINS, and BEA, Circuit Judges.

In district court, Appellant Robert Ferro failed timely to file a notice that he was a potential claimant with any "interest in such property." 18 U.S.C. § 983(a)(2)(C)(ii). Instead, more than two years after the forfeiture complaint was filed, Robert Ferro twice moved to dismiss based on insufficient service of process to him as a potential claimant. We DISMISS this appeal because Robert Ferro lacks standing to make any claim in this case.

"Article III standing must be determined as a threshold matter in every federal case. In a forfeiture action, this determination turns upon whether the claimant has a sufficient interest in the property to create a case or controversy." *United States v. Real Prop. Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004) (citations omitted). The ability to file a claim in a forfeiture action is governed by whether the claimant has an interest in the property under state law. *Id.*

Robert Ferro stated in a sworn declaration that "on or about May 2, 1992, I had conveyed in writing, ownership of all my possessions, including my collection

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of gold coins, firearms, and antiques. The gun collection included over 1500 firearms." Under the California state law that undisputedly applies, Maria Ferro is the sole owner of the property and the only one who could have filed a claim in the forfeiture proceeding. *See* Cal. Fam. Code § 850. ("Married persons may by agreement or transfer, with or without consideration . . . (a) transmute community property to separate property of either spouse."). Robert has admitted, under penalty of perjury, that he has no sufficient interest to make a claim on the property. He therefore has no standing, under Article III, to participate as a potential claimant in this case. It follows necessarily that he has no standing to file a motion to dismiss for failure to give him notice as a potential claimant in this case, since he is *not* a potential claimant in this case.

DISMISSED.